**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **LESLIE BOYD,** | : | |
|  **Plaintiff,** | : | |
| | : | **Civil Action** |
|  **v.** | : | **No. 17-3195** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
|  **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2017, upon consideration of the Motion to Dismiss of the City of Philadelphia, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that all claims against the City of Philadelphia are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE BOYD, | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-3195** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, the City of Philadelphia (the "City"), by and through the undersigned counsel, hereby files this Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, the City incorporates the attached Memorandum of Law.  The City respectfully requests that this Court dismiss the claims asserted against it.

Date:  July 25, 2018

Respectfully submitted,

*/s/ Meghan E. Claiborne*
Meghan E. Claiborne
Assistant City Solicitor
Pa. Attorney ID No. 315918
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5447
meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LESLIE BOYD, | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| v. | : | **No. 17-3195** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Leslie Boyd ("Plaintiff") has filed a complaint that fails to adequately allege that Defendant, the City of Philadelphia ("the City"), violated any constitutional rights or state law torts. Accordingly, the Court should dismiss all claims against the City.

**I.      BACKGROUND AND CASE SUMMARY**

Plaintiff filed a Writ in the Court of Common Pleas in Philadelphia in February 2017. *See* ECF 1. Plaintiff filed a complaint on May 23, 2017 (the "Complaint"). The Complaint was served on Defendant on July 14, 2017. *Id.* The action was removed to this Court on July 10, 2017. *Id.* The City filed a motion to Dismiss the Complaint on August 3, 2017, dkt. 5; the Complaint was dismissed on May 30, 2018. Dkt. 12. On July 3, 2018, Plaintiff filed an Amended Complaint (the "Amended Complaint"). Dkt. 15.

Plaintiff's Amended Complaint suffers from the same fatal flaws as the original Complaint as Plaintiff has reasserted a nearly identical set of facts. The factual allegations in Plaintiff's Amended Complaint are again replete with conclusory assertions. *See* Amended Complaint at ¶¶ 6-24. Plaintiff's Amended Complaint alleges generally the same facts as the

original Complaint.   Plaintiff's Amended Complaint alleges that Plaintiff "was a qualified disabled individual, being both physically and mentally handicapped."   *Id.* ¶ 6.   Specifically, Plaintiff alleges that he suffered from "severe cervical and lumbar spinal compression, stenosis and herniation, so substantial that he suffered from incontinence, cauda equine syndrome, imbalance, vertigo, unbearable pain, and other symptoms," as well as from "mental health disabilities including but not limited to bipolar disorder."   *Id.*   As a result of these issues, Plaintiff alleges that he had difficulty "balancing and ambulating," and required him to "be in need of cane, walker, wheelchair, grab bars, lowered bed, padding on floor, accessible jail cell, and other ambulation assistance, balancing and steadying devises and other medical assistance and a handicap accessibility."   *Id.*

Plaintiff alleges that from January through late March 2016, while incarcerated at Curran-Fromhold Correctional Facility ("CFCF"), Plaintiff repeatedly asked prison guards and medical staff for "medical attention, treatment and referrals and for ambulation and balance assistance devises."   *Id.* at ¶¶ 7-8.   During this time, Plaintiff alleges that he suffered "multiple falls" as a result of his severe medical conditions and defendants' "failure to provide urgently needed, proper, reasonable and necessary medical care, reasonable accommodations, correct medication, correct durable medical equipment, medical evaluation, referral to medical specialists and testing, and also due to other wrongdoing of defendants."   *Id.* at ¶ 7.   Plaintiff alleges that defendants "acted with malice against Plaintiff and discriminated against plaintiff based on his physical and mental disabilities."   *Id.* at ¶ 10.   As a result, Plaintiff suffered serious and permanent injuries. *Id.*

The City files this motion to dismiss as to all claims against the City in Plaintiff's Amended Complaint.

2

## II.      STANDARD OF REVIEW

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III.      ARGUMENT

The Court should dismiss Plaintiff's complaint for several reasons.  First, Plaintiff fails to sufficiently allege a claim under either the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or Rehabilitation Act of 1973 (the "RA"), 29 U.S.C. § 701 *et se*q.. Second, Plaintiff fails to allege a constitutional violation under the 8th Amendment, a substantive due process claim or an equal protection claim.  Third, Plaintiff has failed to plead a municipal liability claim against the City, under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978) for at least three distinct reasons.  Finally, the state law torts brought against the City are barred by the Tort Claims Act.

### A.      Plaintiff Fails to State a Claim Under the ADA or RA.

Plaintiff fails to state a claim under Title II of the ADA or the RA against the City.

Plaintiff's conclusory complaint makes it difficult for Defendant to ascertain what allegations, if any, form the basis of her claims under the ADA or RA.  With regards to the City, it appears that Plaintiff is alleging that the City failed to provide "urgently needed, proper, reasonable and necessary medical care, reasonable accommodations, correct medication, correct

durable medical equipment, medical evaluation, referral to medical specialists and testing, and

also due to other wrongdoing of defendants."  Complaint at ¶ 17.  The RA provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).  The RA "expressly makes the standards set forth [in the ADA] applicable to

federal employers and to employers receiving federal funding." *Wishkin v. Potter*, 476 F.3d 180,

184 (3d Cir. 2007).  The ADA provides, in relevant part:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Accordingly, the same standards apply to both RA and ADA claims.  *See* 29

U.S.C. §794(d); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 208 (3d Cir. 2009); *Lekich v.

Pawlowski*, 361 F.App'x 322, 326 (3d Cir. 2010).

In order to establish a prima facie case pursuant to the ADA or RA, a plaintiff must show

that: (1) he/she is a qualified individual; (2) with a disability; (3) he was excluded from

participation in or denied the benefits of the services, programs, or activities of a public entity, or

was subjected to discrimination by any such entity; (4*)* by reason of his disability.  *Bowers v.

NCAA,* 475 F.3d 524, 553 n. 32 (3d Cir.2007).

Here, Plaintiff's Amended Complaint fails to establish the necessary elements of a *prima

facie* claim under the ADA and RA.  Instead, Plaintiff relies on conclusory legal language and

fails to allege any facts to support his bald allegation that Plaintiff was denied "urgently needed,

proper, reasonable and necessary medical care, reasonable accommodations, correct medication,

correct durable medical equipment, medical evaluation, [or] referral to medical specialists and testing" ***by reason of his disability***.

As this Court has already recognized, "providing inadequate medical care, even if related to a disability and even if such conduct amounts to negligence, is not actionable discrimination under the ADA." *See* Order dismissing Plaintiff's Complaint dated May 30, 2018 (Dkt. 12) ("Complaint Dismissal Order"), at ¶ 14 (citing *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006) (finding that plaintiff had not claimed that he was excluded from any program on the basis of his disability but rather alleged "that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions.") (citation omitted)).  Rather, a plaintiff must supply facts that support that the alleged denial of medical treatment and/or accommodations was by reason of the plaintiff's disability.  *See, e.g, Riley v. Grainey*, No. 3:12-CV-02470, 2015 WL 5693805, at *3 (M.D. Pa. Sept. 24, 2015) (dismissing claim under ADA where plaintiff alleged that he was denied a service, program, or activity "as a result of [his] disability" but failed to allege any facts supporting such an inference); *Desalis v. Pennsylvania Dep't of Corr.*, No. CIV.A. 12–611, 2013 WL 2458346, at *2 (E.D. Pa. June 6, 2013) ("[a]n inmate's failure to allege facts showing that the exclusion or denial of benefits was 'by reason of his disability' warrants dismissal upon a defendant's Rule 12(b)(6) motion."); *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) (affirming dismissal of claim under ADA where plaintiff's complaint "merely asserts that defendants violated the ADA and fails to allege any facts that demonstrate that the alleged inadequate or improper medical care he received was because of a disability.").

Accordingly, Plaintiff's claims under the ADA and RA fail against the City of Philadelphia, and the Court should dismiss them.[1]

### B.      Plaintiff Fails to Allege a Violation of a Constitutional Right.

Plaintiff has failed to allege a Substantive Due Process claim under a theory of state-created danger as to the moving Defendant as Plaintiff has failed to allege actions taken by a state actor that shock the conscience, or that any state actor took any affirmative action that created a danger to Plaintiff or rendered him more vulnerable.   As to Plaintiff's claim for violation of the Eight Amendment, Plaintiff fails to allege sufficient conditions or the requisite *scienter*.   Finally, Plaintiff wholly fails to allege facts to support a claim for a violation of the Equal Protection Clause.

### 1.      Plaintiff Fails to State a State Created Danger Claim.

The Court should dismiss Plaintiff's state-created danger claim with prejudice.

To establish a state-created danger claim, plaintiffs must plead four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Henry v. City of Erie*, 728 F.3d 275, 282 (3d Cir. 2013) (*citing Morrow v. Balaski*, 719 F.3d 160, 177 (3d Cir. 2013), *as amended* (June 14, 2013).

---

[1] Defendant also notes that punitive damages are not an available remedy under the RA or the ADA.   *See Doe v. County of Centre, PA,* 242 F.3d 437, 455-58 (3d Cir. 2001) (concluding punitive damages are not available under § 504 of the RA or Title II of the ADA).

A plaintiff can only set forth a state-created danger claim if she satisfies both a "shocks the conscience" requirement and an "affirmative act" requirement.   In other words, a complainant must plead facts which plausibly suggest that "a state actor acted with a degree of culpability that shocks the conscience . . . and a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."  *See id*.  Here, Plaintiff fails to satisfy either of these requirements.

Plaintiff fails to satisfy the fourth element of a state-created danger claim because Plaintiff has not alleged a direct causal link between state action and the harm he allegedly suffered.   A complaint cannot satisfy the fourth element of the state-created danger test by merely alleging that a municipality "increased the risk" of harm to a plaintiff.  *See Grau v. New Kensington Arnold Sch. Dist.*, 429 F. App'x 169, 173 (3d Cir. 2011).  The Third Circuit has expressly held that "[l]iability for a state created danger . . . is predicated upon the state's affirmative acts which work to the plaintiff's detriment on exposure to danger.  It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."  *Bright v. Westmoreland County,* 443 F.3d 276, 281 (3d Cir. 2006).  A complaint must therefore plead facts which "give rise to a plausible inference that [a municipality] directly placed [a plaintiff] in harm's way."  *See Grau*, 429 F. App'x at 173.

For instance, in *Wheeler v. Prison Health Servs., Inc.*, No. CIV.A 09-410, 2010 WL 3489405 (E.D. Pa. Sept. 1, 2010), an inmate brought a claim for violation of the Eight Amendment stemming from the medical treatment he received for a wound that repeatedly became infected with MRSA.  The court noted that the defendant-prison doctor was not the "but for" cause of plaintiff's infections.  *Id.* at *4.  Moreover, plaintiff's allegation was not that

defendant took affirmative acts to create a dangerous condition, but rather that the defendant failed to take affirmative steps such as sanitizing plaintiff's environment and developing adequate policies related to plaintiff's medical condition. *Id.* at *5. Plaintiff's claim therefore failed because he did not allege that defendants "acted affirmatively to create a risk of danger that would otherwise not have existed." *Id.*

Similarly, in *Dubrow v. City of Philadelphia*, No. 07-537, 2008 WL 4055844 (E.D. Pa. Aug. 28, 2008), a prison nurse brought a state-created danger claim after an inmate sexually assaulted her for several minutes. *See id.* at *1-2. The court dismissed the case because the plaintiff failed to satisfy the fourth prong of the state-created danger test. *See id.* at *9-10**.** Although the plaintiff characterized the City's failure "to provide certain safety precautions" as an affirmative act, the court held that "such verbal recasting does not change the fact that Plaintiff is actually alleging failures to act, which cannot form the basis of a Due Process violation." *See id.* at *9.

Here, Plaintiff fails to provide any facts, whatsoever, supporting that the City "affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Plaintiff does not allege that the City was the but for cause of Plaintiff's cervical and lumbar spinal compression, stenosis and herniation, and/or Plaintiff's mental health disabilities. Plaintiff merely alleges that he "asked the prison guards and medical staff for medical attention, treatment and referrals and for ambulation and balance assistance devises," and that the defendants "failed to provide proper medical treatment, referrals and equipment in response to these requests." Complaint at ¶ 11. As such, Plaintiff's claim is improperly predicated on the City's alleged *inaction*. Plaintiff has thus failed to allege any affirmative action taken by the City which could

satisfy the fourth element.  *See v. City of Philadelphia*, No. 07-537, 2008 WL 4055844 at *9-*10; *Wheeler v. Prison Health Servs., Inc.*, 2010 WL 3489405 at *5; *Kaucher v. County of Bucks*, 455 F.3d 418, 432 (3d Cir. 2006) (holding that inaction by a defendant was insufficient to support a due process claim).  *See also*, *Lee v. Abellos*, No. CIV.A. 13-0486, 2014 WL 6987414, at *4 (E.D. Pa. Dec. 10, 2014)

Additionally, Plaintiff fails to satisfy the second element of a state-created danger claim. This second prong requires a plaintiff to plead facts which plausibly suggest that a state official acted in a way that "shocks the conscience."  *See Henry*, 728 F.3d at 282.  At a minimum, to satisfy this prong, Plaintiff must allege that the City's employees exhibited deliberate indifference.  *Sanford v. Stiles,* 456 F.3d 298, 304–5 (3d Cir. 2006).  Significantly, "[m]ere negligence is not enough to shock the conscience."  *Sanford v. Stiles*, 456 F.3d 298, 311 (3d Cir. 2006).

To find deliberate indifference: "(1) the defendant prison official must subjectively know of and disregard an excessive risk to the inmate's health or safety; and (2) the inmate's medical needs must be objectively serious."  *Giddings v. Joseph Coleman Ctr.*, 473 F. Supp. 2d 617, 624 (E.D. Pa. 2007), *aff'd,* 278 F. App'x 131 (3d Cir. 2008) (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir. 2001)).  Plaintiff fails to allege facts to rise that rise to this level.  Rather, Plaintiff merely alleges that while at CFCF, Plaintiff received "inadequate and improper medical treatment, devises and medication, despite requests for proper medical care."  Amended Complaint at ¶ 12.  Notably, Plaintiff does not allege that he was intentionally denied medical treatment or that any City employees had a subjective knowledge of an excessive risk to Plaintiff's health or safety.  Rather, Plaintiff has merely

expressed that he believes he was entitled to medical care and/or assistance which he did not receive.

For the foregoing reasons, the Court should dismiss Plaintiff's state-created danger claim with prejudice against the City.

      2.  <u>Plaintiff Fails to Assert a Claim Under the Eight Amendment.</u>

Plaintiff's claim under the Eight Amendment similarly fails because Plaintiff has not alleged sufficient conditions or the necessary *scienter*. "The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)).

In order to establish an Eighth Amendment claim, a plaintiff must first prove "a sufficiently serious objective deprivation." *Tillman*, 221 F.3d at 418. This element is narrowly defined in that "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only "extreme deprivations" are sufficient to support an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  A prisoner must show that the condition(s) deprived him/her of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."  *Wilson v. Seiter*, 501 U.S. 294 (1991) (citing *Rhodes*, 452 U.S. at 347).

Once again, Plaintiff's allegations are conclusory in that Plaintiff fails to assert any factual support for his claim.  Plaintiff has mere alleged that he received "inadequate and

improper medical treatment, devises and medication, despite requests for proper medical care."
Amended Complaint at ¶ 12.  Specifically, Plaintiff alleges that defendants failed "to provide
urgently needed, proper, reasonable and necessary medical care, reasonable accommodations,
correct medication, correct durable medical equipment, medical evaluation, [and] referral to
medical specialists and testing. . . . "  *Id.* at ¶ 7.  Plaintiff additionally references additional
"wrongdoings" committed by defendants, without any additional factual elaboration.   *Id.*
Plaintiff provides no support whatsoever for the assertion that these alleged failures were the
result of "malice" or that the City's actions "constituted willful misconduct."  *Id.* at ¶ 7.

"Mere disagreement as to the proper medical treatment" is "insufficient" to amount to
deliberate indifference. *Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004).  As such, Plaintiff's
conclusory claim for a violation of the Eight Amendment must fail.  *See Coleman v. United
States*, No. CV151942RBKAMD, 2017 WL 2636045, at *8 (D.N.J. June 19, 2017); *Barnes v.
City of Coatesville*, No. CIV. A. 93-1444, 1993 WL 259329, at *4 (E.D. Pa. June 28,
1993), *aff'd*, 60 F.3d 813 (3d Cir. 1995).

Additionally, Plaintiff fails to satisfy the *scienter* requirement of his Eight Amendment
claim as to the City because non-medical defendants, including correctional officer-employees of
the City.  *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) (dismissing claims brought
by inmate suffering from disc herniation, nerve root compression and disc bulging that resulted
in surgery in part on the basis that individual defendants lacked *scienter* necessary to support
Eight Amendment claim).  It is well settled that, "absent a reason to believe (or actual
knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a
nonmedical prison official . . . will not be chargeable with the Eight Amendment *scienter*
requirement of deliberate indifference. " *Id.* (citing  *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir.

2004) ("[i]f a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.")).  Here, there is no allegation that the City (or its employees) had any such knowledge.  In fact, Plaintiff specifically alleges that the "medical staff at CFCF were agents and/or employees of defendants Corizon and MHM."  Amended Complaint at ¶ 21.

Thus, Plaintiff's claim for violation of the Eight Amendment fails and should be dismissed as to the City.

### 3.  Plaintiff Fails to State an Equal Protection Claim.

While only referenced in passing in a single paragraph, Plaintiff appears to assert an Equal Protection Claim.  *Id.* at ¶ 64.

The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny any person within its jurisdiction equal protection of the law."  U.S. Const. amend. XIV, § 1. "[A]ll people similarly situated are to be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To bring a successful claim for the denial of equal protection, a plaintiff must show the existence of "purposeful discrimination."  *See McClesky v. Kemp*, 481 U.S. 279, 292 (1987); *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 557 (3d Cir.2011).  To accomplish this, Plaintiff must demonstrate that she received different treatment from that received by other individuals similarly situated.

"Intentional discrimination can be shown when: (1) a law or policy explicitly classifies citizens on the basis of race; (2) a facially neutral law or policy is applied differently on the basis of race; or (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact."  *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir.2005) (internal citations omitted).  Apart from baldly asserting that the

City's actions were based on Plaintiff's "physical and mental disabilities" (Amended Complaint at ¶ 10), Plaintiff fails to assert even a single fact supporting an Equal Protection Claim.  *Barrett v. City of Allentown*, 152 F.R.D. 50, 55 (E.D. Pa. 1993) (dismissing a claim for violation of the Equal Protection clause because "[b]ald and conclusory allegations cannot withstand a motion to dismiss.").

> ### C.    Plaintiff Fails to Plead a § 1983 Claim Under *Monell* Against the City.

Plaintiff fails to state a claim against the City for municipal liability under *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978)[2] because: (1) Plaintiff fails to allege an underlying constitutional violation, (2) Plaintiff may not rely upon a theory of *respondeat superior*, (3) Plaintiff neglects to plead sufficient facts about a municipal policy, and (4) policymaker as required under *Monell*.

Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom."  *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted).  A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law."  *See id.* (citations and quotations omitted).

As an initial matter, Plaintiff's *Monell* claim fails because Plaintiff has not alleged an underlying constitutional violation.

---

[2]  In order to state a claim alleging municipal liability, a plaintiff must establish: (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens.  *Monell*, 436 U.S. at 694-95.

As previously recognized by this Court, to the extent Plaintiff's claim is premised upon a theory of *respondeat superior*, such a claim must fail.  Complaint Dismissal Order at ¶ 20.  *See also, Phelps v. Flowers*, 514 F. App'x 100, 102 (3d Cir. 2013).

Plaintiff's § 1983 claim against the City also fails because he has not plead sufficient facts about the alleged municipal policy. A complaint that "amount[s] to a mere recitation of the . . . elements required to bring forth a [municipal liability] claim [is] insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013).  Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).  Plaintiff's complaint includes no such allegations.  *See* Amended Complaint at ¶¶ 57-66.  Plaintiff baldly alleges that the City's policy with regard to disabled inmates is "to <u>not</u> provide physical therapy," "to <u>not</u> refer inmates for wheelchair and walker fittings," "to <u>not</u> train and supervise prison guards in how to assist disabled inmates in their cells," to <u>not</u> train prison guards in providing assistance to disabled inmates in obtaining medical treatment from the infirmary," and "to not train and supervise prison guards in handling medical requests by mentally disabled inmates, resulting in the guards ignoring the legitimate medical requests of mentally disabled inmates." *Id.* at ¶¶ 59-62.

Apart from Plaintiff's own allegations, Plaintiff's only factual support for the existence of these alleged polices is that "there were a multitude of complaints written up and otherwise lodged by disabled inmates of the Philadelphia Prison System from 2010 through 2016, complaining of the same types of discrimination plaintiff has averred herein. . . ." *Id.* at ¶ 58. Plaintiff does not provide the names of any such inmates, the dates of the alleged underlying

incidents, the facts of any alleged similar instances of discrimination, or the disposition of these alleged complaints. Plaintiff's conclusory assertions and threadbare factual allegations are insufficient, and Plaintiff's *Monell* claim should be dismissed. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard for municipal liability); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing § 1983 municipal liability claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing § 1983 municipal liability claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing municipal liability claim for failure to plead specific facts).

Second, the complaint fails as a matter of law because Plaintiff has not identified a specific policymaker involved in the formation of a custom or policy. The Third Circuit Court of Appeals has held that an individual only qualifies as a municipal policymaker if she possesses "final, unreviewable discretion to make a decision or take an action." *See Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990). A plaintiff seeking to bring a municipal liability claim must allege that such a policymaker was involved in the policy or custom at issue in the case. *See Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a § 1983 municipal liability claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue"). In this case, Plaintiff has failed to identify a specific policymaker, and certainly has not alleged that such a policymaker created a wrongful policy or custom. Such a failure necessitates the dismissal of

15

Plaintiff's § 1983 claims against the City.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) (granting a motion to dismiss a municipal liability claim based on a complaint's failure to identify a policymaker).

> ### C.  Plaintiff's State Law Claims Fail.

Plaintiff's claim for intentional infliction of emotional stress distress against the City must also fail because the City has immunity from intentional torts under the Pennsylvania Tort Claims Act ("Tort Claims Act").  The Court dismissed Plaintiff's claim for intentional infliction of emotional distress as to the City with prejudice.  Complaint Dismissal Order at p.14 n.9.  As such, the City will not reassert these arguments, but to the extent necessary adopts all arguments as to this claim as alleged in the City's original motion to dismiss.  Dkt. 5.

## IV.   CONCLUSION

For the reasons set forth above, the City respectfully requests that this Court grant the instant motion and dismiss the claims against them with prejudice.


Date:  July 25, 2018                              Respectfully submitted,


                                                  /s/ *Meghan E. Claiborne*
                                                  Meghan E. Claiborne
                                                  Assistant City Solicitor
                                                  Pa. Attorney ID No. 315918
                                                  City of Philadelphia Law Department
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  215-683-5447
                                                  meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LESLIE BOYD,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 17-3195** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendant's Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.


Date:  July 25, 2018                              /s/ *Meghan E. Claiborne*
                                                 Meghan E. Claiborne
                                                 Assistant City Solicitor
                                                 Pa. Attorney ID No. 315918
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 215-683-5447
                                                 meghan.claiborne@phila.gov