IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LESLIE BOYD                              :
            Plaintiff            :        Civil Action
    vs.                                  :
CITY OF PHILADELPHIA                      :        No. 17-3195
    and                                  :
CURRAN-FROMHOLD CORRECTIONAL               :
FACILITY                                  :
    and                                  :
CORIZON HEALTH, INC.                       :        ORDER
    and                                  :
MHM SERVICES, INC.                        :
             Defendants    :
_____

    AN NOW, this _____ day of _____, 2018, upon consideration of the

Summary Judgment Motions filed by Defendants City of Philadelphia, Corizon Health Inc. and

MHM Services Inc., and the Opposition papers filed by Plaintiff, and the oral argument, if any, it

is HEREBY ORDERED that the Motions are DENIED.


                        BY THE COURT:


                        _____
                                  U.S.D.J.

| | | |
|---|---|---|
| LESLIE BOYD | : | |
| Plaintiff | : | Civil Action |
| vs. | : | |
| CITY OF PHILADELPHIA | : | No. 17-3195 |
| and | : | |
| CURRAN-FROMHOLD CORRECTIONAL | : | |
| FACILITY | : | |
| and | : | OPPOSITION TO THE |
| CORIZON HEALTH, INC. | : | SUMMARY JUDGMENT |
| and | : | MOTIONS BY DEFENDANTS |
| MHM SERVICES, INC. | : | |
| Defendants | : | |

---

Plaintiff, through the undersigned attorney, by way of response in opposition to the

Summary Judgment Motions filed by Defendants City of Philadelphia, Corizon Health, Inc. and

MHM Services Inc., hereby submits the Memorandum of Law, Response to Joint Defense

Statement of Material Facts, Exhibits, form of Order and Proof of Service. Whereby, Plaintiff

respectfully requests that said motions be denied.

CRISTAL LAW FIRM LLC
By:  /s/ Stephen Cristal
Stephen Cristal, Esq. (Atty. ID Nos. 95020(PA), 032841995(NJ))
100 Springdale Road, #A3-223, Cherry Hill NJ 08003
Phone: (215) 917-0602, Fax: 215-914-6353, Email: cristallawfirm@aol.com
Attorneys for Plaintiff(s)
Dated: January 20, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE BOYD, | : | |
| Plaintiff | : | Civil Action |
| vs. | : | |
| CITY OF PHILADELPHIA | : | No. 17-3195 |
| and | : | |
| CURRAN-FROMHOLD CORRECTIONAL | : | |
| FACILITY; | : | |
| and | : | MEMORANDUM OF LAW |
| CORIZON HEALTH, INC.; | : | IN OPPOSITION TO SUMMARY |
| and | : | JUDGMENT MOTIONS |
| MHM SERVICES, INC.; | : | |
| Defendants | : | |

Plaintiff Leslie Boyd, through the undersigned attorney, submits this Memorandum of Law in Opposition to the Summary Judgment Motions filed by Defendants City of Philadelphia, Corizon Health Inc. and MHM Services Inc.

## STATEMENT OF FACTS

Plaintiff incorporates herein the facts stated in the Response to Joint Defense Statement of Material Facts and those in Plaintiff's Exhibits 1-4 and Defense Exhibits D-G, and in the Amended Complaint.

## LEGAL ARGUMENT

Plaintiff's addresses herein the arguments made in the Briefs submitted by Defendants.

## I. ADA AND REHABILITATION ACT CLAIMS (CITY OF PHILADELPHIA)

Plaintiff has proven claims under the Americans with Disabilities Act, 42 USC § 12101 et seq. ("ADA") and § 504 of the Rehabilitation Act of 1973, based on the prison's failure to provide reasonable accommodations for Plaintiff's disability and failure to give equal access as required by Title II and §504. Plaintiff through testimony and medical records has proven these averments.

The proofs make clear that plaintiff is alleging discrimination and intentional discrimination by Defendant City of Philadelphia for not providing him with needed ambulatory assistive devises, grab-bars. Plaintiff had a qualifying disability – severe and permanent back problems making him unable to stand, balance, walk and use the bathroom in his cell without assistive devises. Defendant City of Philadelphia in its prison CFCF did not provide these reasonable accommodations to its inmate plaintiff despite his repeated requests, and this resulted in multiple falls and inability to get up and function; and that this was intentional, done by the City with deliberate indifference to the needs and rights of plaintiff and substantial risk of serious harm to plaintiff.

Attached Defendants' Exhibit D are defendant's own medical records for plaintiff citing multiple instances of plaintiff requesting and in fact pleading for a walker and wheelchair and his multiple falls for lack of those needed devises. Defense Exhibits E-G show the severe harm done by the neglect of plaintiff's rights under the ADA. These prove claims under Title II of the ADA and §504 of the Rehabilitation Act. Plaintiff's Exhibit 1 shows the many requests for reasonable accommodations that were ignored by defendants.

"The ADA prohibits public entities from excluding, denying access to or otherwise discriminating against any person because of a disability. See 42 U.S.C. § 12132. In order to prevail on a claim for a violation of Title II of the ADA, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was either excluded from or otherwise denied the benefits of some public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability." Kenneth S. Hantman, Inc. v. Office of Unemployment Comp. Tax Servs., 928 A.2d 448 (Pa. Commw. Ct. 2007). Inmates have the right under the ADA and RA to request reasonable accommodations including wheelchairs.

"[B]ecause the ADA and RA unmistakably apply to State prisons and prisoners, Yeskey, 524 U.S. at 209, DOCCS is statutorily required to ensure that all of their inmates, including Wright, have the opportunity effectively to access the services and programs DOCCS provides…. Title II of the ADA, therefore, requires that once a disabled prisoner requests a non-frivolous accommodation, the accommodation should not be denied without an individualized inquiry into its reasonableness. Here, the record is clear that DOCCS has engaged in no such assessment. Instead, when denying Wright's request to use his motorized wheelchair, DOCCS relied on general safety and administrative concerns unconnected to Wright's specific situation….. DOCCS's reasons for rejecting Wright's accommodation—to be able to use his motorized wheelchair—were not responsive to Wright's specific request and individual circumstances. As such the response was deficient and violated Title II of the ADA and Section 504 of the RA." Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision, 831 F.3d 64, 2016 U.S. App. LEXIS 13809, 2016 WL 4056036. Defendant here repeatedly failed to accommodate Plaintiff's needs for walker, cane, wheelchair, etc. despite his requests. Therefore, in accordance with prevailing case law, defendants' motion to dismiss the federal ADA and § 504 claims must be denied.

II.    MEDICAL MALPRACTICE/NEGLIGENCE (CORIZON)

As outlined in Plaintiff's Exhibit 1 and Defense Exhibit C (Plaintiff's deposition), plaintiff made many complaints and requests for medical assistance in the weeks (uincouding for infection and severe back and neck pain) leading up to his falls and condition aggravation and 3/26/16 hospitalization, coma and emergency spinal surgery; defendants' medical staff saw plaintiff and merely sent him back to his cell with an OTC pain medication at most. They did not believe him and failed to give him any real examination or treatment.

Corizon was also aware of his complaints of bladder infection, which they did not examine or treat, leading to his septic shock and coma.

III.    <u>MEDICAL MALPRACTICE/NEGLIGENCE (MHM)</u>

MHM kept changing plaintiff's psychotropic medications, causing him to be less clear in his mind, leading to falls. MHM was also aware of his complaints of bladder infection, which they did not examine or treat, leading to his septic shock and coma.


IV.    <u>ADMINISTRATIVE REMEDIES (ALL DEFENDANTS)</u>

There is no requirement to exhaust administrative remedies because plaintiff is not in prison and is acting through an attorney.

V.    <u>MHM SERVICES, INC. IS THE REAL PARTY IN INTEREST</u>

MHM has defended this case throughout as if it were the real party in interest. MHM continues, in its summary judgment motion, in its expert report, in its averments of fact, defend this case as if it were the correct name. Plaintiff is entitled to correct the caption to reflect the proper party if MHM is making that argument. The Court can take judicial notice that, in the many other lawsuits to which MHM has been a defendant, it has gone by many different names.

VI.    <u>ECONOMIC LOSSES (ALL DEFENDANTS)</u>

Plaintiff has shown economic losses in the form of medical expenses incurred and to be incurred in the future. There are Medicare/Medicaid liens, etc.

VII.    <u>PUNITIVE DAMAGES (ALL DEFENDANTS)</u>

Plaintiff has shown punitive damages for outrageous conduct as averred above.

VIII.    <u>SECTION 1983 CLAIMS (ALL DEFENDANTS)</u>

"[T]o state a claim under Monell, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived the plaintiff of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom." Simpson v. Ferry, 202 F. Supp. 3d 444 (E.D.Pa.2016). "There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983…..[Thirdly], a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Natale v. Camden County Corr. Facility, 318 F.3d 575, 2003 U.S. App. LEXIS 2152, 60 Fed. R. Evid. Serv. (Callaghan) 679. See also Noble v. City of Camden, 112 F. Supp. 3d 208, 223 (D.N.J. 2015) (permitting a Monell claim to proceed where "the city had an alleged custom of ignoring or failing to properly and promptly investigate unconstitutional excessive force complaints against city police officers for years preceding the plaintiff's incident, and by its inaction was allegedly deliberately indifferent to the need for such investigations to protect persons against excessive force during arrests, and was thus in part complicit in the misconduct that ensued"). Accordingly, Plaintiff has proven a claim under § 1983.

Plaintiff testified and certified as to outrageous neglect despite serious medical issues. Defendants have failed to produce any evidence that the administration and higher-ups in the Philadelphia Prison System had any problem with this or took any steps to curb it. In plaintiff's case alone, the neglect continued for months without the administration stepping in. The time

frame and the repetition in plaintiff's case provides constructive evidence the administration

knew or should have known and did nothing, thus providing evidence of an unwritten policy or

custom, meeting the requirements of Monell.

IX.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRES (ALL DEFENDANTS)

Plaintiff's proofs adequately show Intentional Infliction of Emotional Distress. The

elements of a claim for Intentional Infliction of Emotional Distress are set forth in the

Pennsylvania Suggested Standard Civil Jury Instructions. "A person who by extreme and

outrageous conduct intentionally or recklessly causes severe emotional distress to another is

subject to liability for such emotional distress and for any bodily harm to the other that results

from the emotional distress. Extreme and outrageous conduct is that which goes beyond all

possible bounds of decency and would be regarded as atrocious and utterly intolerable in a

civilized community. Emotional distress includes all highly unpleasant mental reactions such as

[specify, for example: fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin,

disappointment, and worry]. Severe means that it is such that no reasonable person could be

expected to endure it. In determining whether the emotional distress suffered by the plaintiff was

severe, you may consider both the intensity of the distress and its duration. If you find that the

defendant conducted [himself] [herself] in an extreme and outrageous manner and that conduct

intentionally or recklessly caused severe emotional distress to the plaintiff, you may compensate

the plaintiff for this injury." Pa SSJI (Civ) 17.40. INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS.

Plaintiff has pleaded a claim of Intentional Infliction of Emotional Distress by alleging:

"(1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it

must cause emotional distress; (4) that distress must be severe." Hoy v. Angelone, 691 A.2d 476,

456 Pa. Super. 596 (Pa. Super. Ct. 1997). "The term 'outrageous' is neither value-free nor exacting. It does not objectively describe an act or series of acts; rather, it represents an evaluation of behavior. The concept thus fails to provide clear guidance either to those whose conduct it purports to regulate, or to those who must evaluate that conduct." ." <u>Kazatsky v. King David Mem. Park</u>, 515 Pa. 183, 527 A.2d 988, 994 (1987). The facts as stated with evidence support a state law claim for Intentional Infliction of Emotional Distress.

CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny the Summary Judgment Motions filed by Defendants City of Philadelphia, Corizon Health Inc. and MHM Services Inc. under Rule 56.

Respectfully submitted,
CRISTAL LAW FIRM LLC
By: <u>/s/ Stephen Cristal</u>
Stephen Cristal, Esq. (Atty. ID Nos. 95020(PA), 032841995(NJ))
100 Springdale Road, #A3-223, Cherry Hill NJ 08003
Phone: (215) 917-0602, Fax: 215-914-6353, Email: cristallawfirm@aol.com
Attorneys for Plaintiff(s)
Dated: January 20, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE BOYD | : | |
| Plaintiff | : | Civil Action |
| vs. | : | No. 17-3195 |
| CITY OF PHILADELPHIA, ET AL. | : | |
| Defendants | : | PROOF OF SERVICE |

The undersigned certifies that on this date true and correct copies of the above papers

were duly served on all parties in this case via electronic transmission and/or first-class US mail

postage prepaid to the following addressee(s):

Alexander R. Ferrante, Esquire
Gold & Ferrante, PC
261 Old York Road, Suite 526, Jenkintown, PA 19046-3721
215-885-1118, arf@goldferrantelaw.com
Attorney for Corizon Health Inc.

Cassidy L. Neal, Esq
Matis Baum O'Connor
912 Fort Dusquesne Blvd., Pittsburgh PA 15222
412-338-4750, cneal@mbo-pc.com
Attorney for MHM Services, Inc.

Meghan E. Claiborne, Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor, Philadelphia, PA 19102
215-683-5447, meghan.claiborne@phila.gov
Attorney for City of Philadelphia

> CRISTAL LAW FIRM LLC
> By: /s/ Stephen Cristal
> Stephen Cristal, Esq. (Atty. ID Nos. 95020(PA), 032841995(NJ))
> 100 Springdale Road, #A3-223, Cherry Hill NJ 08003
> Phone: (215) 917-0602, Fax: 215-914-6353, Email: cristallawfirm@aol.com
> Attorneys for Plaintiff(s)

Dated: January 20, 2020