IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESLIE BOYD, | : | |
| Plaintiff | : | Civil Action |
| vs. | : | |
| CITY OF PHILADELPHIA | : | No. 17-3195 |
| and | : | |
| CORIZON HEALTH, INC.; | : | |
| and | : | **VERIFIED STATEMENT** |
| MHM SERVICES, INC.; | : | **OF LESLIE BOYD** |
| Defendants | : | |

I, Plaintiff Leslie Boyd, being of full age, hereby depose, certify and say the following under penalty of law:

1. I make this verified statement in opposition to the summary judgment motions. The following statements come from my own personal knowledge.

2. Defendant's expert witness Dr. Davne states incorrectly that I did not have bowel-bladder incontinence until 3/26/16. That is incorrect. I was having severe and repetitive bowel and bladder incontinence throughout the weeks leading up to 3/26/16, and I repeatedly made defendants well aware of this fact. Instead of helping me, the prison guards mocked me and medical staff in the prison medical unit disbelieved me and sent me back to my cell without treatment, or at most giving me over the counter pain medication that did nothing to help me, as I told them.

3. I also disagree with Dr. Davne's claim that, in the weeks leading up to 3/26/16, I had only "subtle symptoms of spinal cord compression." My symptoms were severe: my pain was severe and constant; my disability and inability to care for myself was unbearable and constant; I kept getting numbness in my limbs and falling. My falls greatly aggravated my pain and symptoms.

4. I disagree with Defendant's expert witness Dr. Clements. My symptoms became far worse and more constant after my March 2016 fall. I became weaker, more unsteady; I had increased numbness and the pain was much worse. I was more disabled and unable to perform physical tasks after the March 2016 fall. My neck and back problems were terribly aggravated by the March 2016 fall and remained at that far worse level from March 2016 forward.

5. As noted by Defendants' expert witness Dr. Reeves I told defendants I thought I had a bladder infection and that I felt something serious was wrong with me. But, as they did with my other complaints, defendants failed to take it seriously, acting as if I was faking it, and did nothing for me medically. The infection meanwhile got worse and worse, as did my other symptoms, in the weeks leading up to 3/26/16. Had defendants taken my medical issues seriously, they would have gotten me evaluated and I would not have ended up in the ICU in a ten-day coma, with septic shock and emergency cervical spine surgery.

6. I also agree with Dr. Reeves that my back disability, which I repeatedly complained to defendants about, and repeatedly asked for help and assistance, which defendants did not give, caused my falls.

7. Where I disagree with Dr. Reeves is his refusal to acknowledge that MHM's repeated changing of my psychotropic medications also contributed to my falls. They took me off my lithium without my consent, after which my mind was not as clear. They eventually put mem back on the lithium, but the changing from one medication to another further messed with my mind. This aggravated the imbalance and unsteadiness I already had from my back and neck conditions.

8. All the doctors and staff that I saw knew about my problems because I told them, including the pain, numbness, lack of steadiness, dizziness, probable infection, etc., but they did

nothing to help me; they did not properly evaluate me; they did not send me to the hospital. Instead they told me and treated me as if I were faking everything, and so I did not get the treatment I needed, and I ended up having falls in my cell, aggravating my neck and back problems, and eventually ended up in a coma and with emergency spine surgery and months of rehabilitation afterward.

9. From January 2016 onward, defendants were aware of my disability: my chronic back and neck conditions that made walking, standing, balancing, using the toilet, dressing, etc., very difficult for me. Prior to my March 2016 fall, I made many medical complaints and requests for accommodations, including grab bars, floor padding, medical equipment, ambulatory assistance devises, modified cell provisions to make my cell handicap accessible to prevent falls and injuries from falls due to my disability; I requested accommodations such as help with dressing, bathing, toileting and transferring in and out of bed and on and off the toilet and leaving and entering my cell. Defendants refused these accommodations; defendants denied me treatment that I needed for my disability – claiming I was faking it. Defendants allowed me to lay in my own urine and feces without help. They ignored my disability. My requests were denied; and on the occasions where I was allowed to go to the medical unit, the medical staff also refused to help me and returned me to my cell without any real medical treatment or examination. These all led to my falls and my coma.

10. I had many complaints about my cell and asked for an accessible cell, but was refused. The heights of my cot and toilet caused me problems getting on and off; the lack of grab-bars caused falls.

11. I had a severe fall in March 2016 due to the issued mentioned above. Defendants were aware of it, but failed to provide examinations or treatment beyond over-the-counter

medication. This neglect led to my continued falls and worsening of back and neck conditions and eventually to my infection and coma.

12. On numerous occasions, repeatedly, from early January through late March 2016 I asked the prison guards and medical staff for medical attention, treatment and referrals and for ambulation and balance assistance devises. Defendants failed to provide proper medical treatment, referrals and equipment in response to these requests, proximately causing severe and permanent injuries.

13. I believe that defendants and their employees acted pursuant to unwritten policies and customs, because no matter how much I complained, or how long this went on, the prison administration did nothing to intervene; and the prison guards and medical staff acted like this was all business as usual.

14. I felt isolated by my disabilities because defendants would not help me or respond to my requests for accommodations. I needed assisting devices for balance and ambulation, but defendants refused or delayed. Defendants failed to provide me full and equal access to medical care and treatment inside the prison. On multiple occasions I had to sit and lie in my own bodily excretions and suffer humiliations and discomforts, leading to infections and eventually coma and hospitalization.

16. I asked for physical assistance from the prison guards many times and was refused, causing him to suffer terrible pain and distress; these requests included help up from floor, help onto and off of bed and toilet, help with dressing, help with transport to the medical infirmary, etc.

17. I furthermore verify the truth of the statements of fact in my Amended Complaint. I will let my attorney explain the legal citations as I am not a lawyer.

# VERIFICATION

I the undersigned hereby verify that the foregoing statements are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to unsworn falsification to authorities.

Dated: January 20, 2020

_____
Leslie Boyd, Plaintiff